Peter M. Williamson, State Bar No. 97309
WILLIAMSON LAW FIRM
20750 Ventura Blvd., Suite 345
Woodland Hills, CA  91364
Telephone:    (818) 226-5700
Facsimile:    (818) 226-5704
E-Mail:       pmw@pwilliamsonlaw.com

Attorneys for Plaintiffs FERREOL CARDENAS, SR, Individually,
and as the Personal Representative for FERREOL CARDENAS, JR.,
Deceased and ROSA CARDENAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERREOL CARDENAS, SR., Individually, and as the Personal Representative for FERREOL CARDENAS, JR., Deceased and ROSA CARDENAS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF MANHATTAN BEACH, MANHATTAN BEACH POLICE OFFICER MICHAEL LYNCH (Serial No. 313), MANHATTAN BEACH POLICE OFFICER B. MUZATKO (Serial No. 342) and Does 1 through 10, inclusive, , <br><br> Defendants. | Case No. 2:-15-cv-1469 <br><br> COMPLAINT FOR DAMAGES FOR: <br><br> 1.   42 U.S.C. § 1983 – WRONGFUL DEATH <br><br> 2.   42 U.S.C. § 1983 – SURVIVAL ACTION; <br><br> 3.   42 U.S.C. § 1983 – DEPRIVATION OF THE RIGHTS OF PLAINTIFFS TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT <br><br> 4.   42 U.S.C. § 1983 – GOVERNMENTAL LIABILITY (MONELL) <br><br> 5.   CAL. CIV. CODE § 52.1; <br><br> 6.   ASSAULT and BATTERY; and <br><br> 7.   POLICE NEGLIGENCE <br><br> DEMAND FOR JURY TRIAL |

- 1 -

## JURISDICTION

1.    Jurisdiction is conferred upon this Court by *28 U.S.C. §1331* (federal question) and *§ 1343(3)* (civil rights). The state law claims for relief are within the supplemental jurisdiction of the Court pursuant to *28 U.S.C. § 1367*.

## VENUE

2.    Plaintiff's claims herein arise out of an incident involving Manhattan Beach Police Officers, in the County of Los Angeles, State of California, and within this judicial district.

## PARTIES

3.    Plaintiff, Ferreol Cardenas, Sr., is a competent adult who appears here individually and as the successor in interest for Ferreol Cardenas, Jr., deceased (hereinafter "Decedent").  He is the father of the decedent, Ferreol Cardenas, Jr., and therefore qualifies as his successor in interest pursuant to *Calif. Code of Civil Proc.* § 377.30. Plaintiff, Rosa Cardenas, is also a competent adult. She is the mother of the decedent, Ferreol Cardenas, Jr., and therefore also qualifies as his successor in interest pursuant to *Calif. Code of Civil Proc.* § 377.30.

4.    Defendant, City of Manhattan Beach is a municipality operating pursuant to its Charter.  It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes.

5.    Manhattan Beach Police Officers Michael Lynch and B. Muzatko are, and at all times relevant hereto, were sworn police officers.  In doing the acts herein alleged, Officers Lynch and Muzatko acted within the course and scope of their agency and employment, and under color of state law.

6.    Plaintiffs sue defendants DOES 1 to 10 by such fictitious names because their true identities are presently unknown to Plaintiffs.  Upon ascertaining the true identity of a defendant Doe, Plaintiffs will amend this Complaint or seek leave to do so by inserting the true name in lieu of the fictitious name.  Plaintiffs are informed and believe, and on the basis of such information and belief allege, that each defendant Doe herein is in some

COMPLAINT FOR DAMAGES

1   manner responsible for the injuries and damages herein alleged.

2                                   **FACTS**

3   **A.         Allegations Regarding the Excessive Use of Force on Ferreol Cardenas, Jr.**

4          7.     On the evening of April 10, 2014 at approximately 9:00 p.m., Decedent was

5   alone and driving his vehicle westbound on Rosecrans Avenue in the City of Manhattan

6   Beach, California.

7          8.     Defendant Lynch was in uniform working patrol duty for the Manhattan

8   Beach Police Department ("MBPD"), driving a marked patrol unit when he observed

9   Decedent's vehicle which did not appear to have a license plate affixed to its rear bumper.

10  Defendant Lynch claims that Decedent's vehicle suddenly changed lanes allegedly almost

11  striking his patrol vehicle.

12         9.     Defendant Lynch activated his emergency lights and attempted to effect a

13  traffic stop of Decedent's vehicle. Decedent allegedly did not stop his vehicle but continued

14  traveling westbound on Rosecrans Avenue eventually turning into a driveway adjacent to

15  a parking structure at 2371 Rosecrans Avenue in El Segundo, California.

16         10.    Defendant Lynch claims that Decedent eventually stopped his vehicle at

17  approximately the end of the driveway, exited the driver's side and began to run eastbound

18  along the exterior of the parking structure. Defendant Lynch allegedly gave Decedent

19  repeated commands to stop and lay on the ground which were ignored.

20         11.    Defendant Lynch claims that Decedent eventually stopped running placing his

21  left arm by his side with his right arm in front of his waistband.  Decedent allegedly

22  continued to ignore Defendant Lynch's commands to stop instead walking northbound at

23  a fast pace.  Defendant Lynch claims he warned Decedent that if he did not stop, he would

24  be tased.

25         12.    When he was approximately three feet from Decedent, Defendant Lynch fired

26  his department issued TASER Electronic Control Device ("ECD") in probe mode.  The

27  ECD was immediately effective, its two darts striking Decedent in the back discharging

28  50,000 volts of electrical current into the body of Decedent.

                                    - 3 -

13.     After being struck by the TASER darts, Decedent's body immediately went rigid and he became completely incapacitated causing him to fall to the ground, although according to Defendant Lynch, the decedent's head did <u>not</u> strike the ground. The electrical discharge from the TASER lasted at least one full five-second cycle.

14.     Defendant Lynch further claims that Decedent thereafter sat up, bent his knees towards his chest and placed his feet on the ground.   Decedent remained in that position making no attempt to flee.  Eventually, Defendant MBPD Officer Muzatko arrived at the scene as back-up to assist Defendant Lynch.

15.     Without further resistance by Decedent, Defendants Lynch and Muzatko forcibly pushed Decedent onto his stomach, and forcibly took control of his arms.  In the process of restraining Decedent, who was unarmed and non-resistant, Defendants and each of them physically assaulted and battered the Decedent repeatedly striking him in the head, face and body with their fists and, as yet, unknown other instruments, causing him to suffer multiple skull fractures, facial injuries, brain injuries including subdural hemorrhages, and other serious, life-threatening injuries.

16.     Plaintiff was transported to Little Company of Mary Hospital in Torrance, California, where he was treated for, among other things, head trauma.  Decedent remained in Little Company of Mary Hospital from April 10, 2014 until April 15, 2014 at which time he was released.  Decedent returned to Little Company of Mary Hospital on April 22, 2014 complaining of severe headaches and neck stiffness.   He was admitted to the Hospital at that time and, shortly thereafter, moved to the intensive care unit where he was eventually put on life support, unable to communicate or move his limbs.   Decedent died of head trauma on April 25, 2014.

**B.     Allegations Regarding Damages**

17.     Plaintiffs have lost support from decedent, as well as their son's love, comfort and society, and have sustained emotional distress and other compensable losses, all in amounts in accordance with proof.  Plaintiffs have incurred funeral, burial and other related expenses. The decedent sustained general damages, including the loss of enjoyment of his

- 4 -

life, in an amount in accordance with proof.

18.     The conduct of the defendants was willful, malicious, oppressive and in reckless disregard for the constitutional rights of Plaintiffs and the Decedent himself, thus justifying punitive damages against defendants Lynch, Muzatko and Does 1-10, but not the City of Manhattan Beach, which is immune from such damages, in an amount in accordance with proof.

**C.     Allegations Regarding Exhaustion of Administrative Remedies**

19.     Plaintiffs timely filed administrative claims with the City of Manhattan Beach pursuant to *Calif. Gov't Code* § 910 on June 20, 2014.  Plaintiffs' claims were denied on September 23, 2014 and this action is, therefore, timely filed.

**FIRST CAUSE OF ACTION**

(42 U.S.C. § 1983 – WRONGFUL DEATH)

(Against MBPD Officers Lynch, Muzatko and Doe Defendants)

20.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 19, hereinabove, and incorporate the same herein as though fully set forth.

21.     Defendants, MBPD Officers Lynch, Muzatko, and one or more of the Doe defendants, acting under color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth Amendment to the Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by among other things, subjecting Decedent to excessive force including, but not limited to, shocking him with one or more TASER ECDs, and repeatedly striking and beating him around the face and head until such beating caused him to suffer multiple skull fractures and subdural hemorrhages resulting in his death.

22.     Plaintiffs are the proper parties with standing pursuant to *Calif. Code of Civ. Proc.* § 377.60 to pursue this wrongful death claim pursuant to section 1983.

23.     Plaintiffs have been damaged, including pecuniary loss and other compensable injuries resulting from loss of love, society, comfort, attention, services, and support of the

decedent, in an amount in accordance with proof.

24.     As a further proximate result of the acts of defendants, as alleged above, plaintiffs have incurred expenses, including funeral and burial expenses, in an amount in accordance with proof.

25.     In doing the foregoing wrongful acts, Defendants, MBPD Officers Lynch, Muzatko, and one or more of the Doe defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of the decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendant, which is immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983 – SURVIVAL ACTION)

#### (Against MBPD Officers Lynch, Muzatko and Doe Defendants)

26.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 25, hereinabove, and incorporate the same herein as though fully set forth.

27.     Plaintiff, Ferreol Cardenas, Sr., brings this claim for relief in his capacity as the successor in interest of the decedent, for whom there is no estate opened.

28.     The foregoing claim for relief arose in the decedent's favor, and the decedent would have been the Plaintiff with respect to this claim for relief had he lived.

29.     Defendants, MBPD Officers Lynch, Muzatko, and one or more of the Doe defendants, and each of them, acting under color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth Amendment to the Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by, among other things, subjecting decedent to excessive force including, but not limited to, shocking him with one or more TASER ECDs, and repeatedly striking and beating him around the face and head until such beating caused him to suffer multiple skull fractures and subdural hemorrhages

- 6 -

resulting in his death.

30.     As a proximate result of the foregoing wrongful acts of defendants, and each of them, the Decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

31.     In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of the Decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendant, which is immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

### THIRD CAUSE OF ACTION

(42 U.S.C. § 1983 – DEPRIVATION OF THE RIGHTS OF
PLAINTIFFS TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT)

(Against MBPD Officers Lynch, Muzatko and Doe Defendants)

32.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 31, hereinabove, and incorporate the same herein as though fully set forth.

33.     Defendants, MBPD Officers Lynch, Muzatko, and one or more of the Doe Defendants, acting under color of state law, deprived plaintiffs of their right to a familial relationship with the Decedent without due process of law in violation of the Fourteenth Amendment by their conscience shocking use of unreasonable, unjustified force and violence, which violated Decedent's Fourth Amendment rights, causing injuries, which resulted in the Decedent's death, all without provocation.

34.     As a proximate result of the foregoing wrongful acts of Defendants, MBPD Officers Lynch, Muzatko, and one or more of the Doe Defendants, and each of them, Plaintiffs sustained general damages, including grief, emotional distress and pain and suffering and loss of love, comfort and society, and special damages, including loss of support, in an amount in accordance with proof.

- 7 -

35.     In doing the foregoing wrongful acts, Defendants, MBPD Officers Lynch, Muzatko, and one or more of the Doe Defendants, and  each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs and the Decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendant, which is immune) in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTH CAUSE OF ACTION

42 U.S.C. § 1983 – Governmental Liability (Monell)

[Against Defendant City of Manhattan Beach]

36.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 35, hereinabove, and incorporates the same herein as though fully set forth.

37.     On or about April 10, 2014 , there existed a clearly established federal right protecting citizens of the United States from failures of training or supervision of police officers which give rise to the level of deliberate indifference to rights of citizens in violation of the due process requirements of the Fourteenth Amendment.

38.     Defendant, City of Manhattan Beach, through the Manhattan Beach Police Department, is charged with the responsibility of supervising the operations of its personnel and are obligated to insure that its personnel are adequately trained and supervised so that they may carry out their duties without violating the constitutional rights of United States citizens.

39.     Defendant, City of Manhattan Beach, knew to a moral certainty, that its employees would commit criminal wrongdoing and/or violate the civil rights of citizens.

40.     In matters regarding a police officer engaging in criminal or inappropriate conduct, lack of proper supervision and investigation of the deputy and his/her activities will frequently cause a deprivation of a citizen's constitutional rights and at all times relevant hereto, it was foreseeable that said deliberate indifference would cause harm to Plaintiffs' decedent.

COMPLAINT FOR DAMAGES

41.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant, City of Manhattan Beach, through the Manhattan Beach Police Department, with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of Plaintiffs' decedent, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:

           a)     Subjecting citizens to unreasonable uses of force against their persons;

           b)     Selecting, retaining, and assigning officers with demonstrable propensities for excessive force, violence, and other misconduct;

           c)     Failing to adequately train, supervise, and control officers in the arts of law enforcement, including, without limitation, the use of force during detentions and arrests;

           d)     Failing to adequately discipline officers involved in misconduct; and

           e)     Condoning and encouraging officers in the belief that they can violate the rights of persons such as Plaintiffs' decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

42.     Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant City of Manhattan Beach, through the Manhattan Beach Police Department, ordered, authorized, acquiesced in, tolerated, permitted or maintained customs and practices permitting the other Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraphs.  Defendant's conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendant's deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Plaintiffs' decedent.

43.     The failure of Defendant, City of Manhattan Beach, through the Manhattan Beach Police Department, to intervene in its officers' unlawful conduct and their knowing

1   failure to prevent officers from using the pretense of state employment in such conduct

2   demonstrated a deliberate indifference to the rights of citizens of the United States and gave

3   rise to a reasonably foreseeable violation of the rights of Plaintiffs and Plaintiffs' decedent.

4        44.   Plaintiff is informed and believes, and on the basis of such information and

5   belief alleges, that the constitutional violations suffered by Plaintiffs and Plaintiffs' decedent,

6   were proximately caused by the policies of the City of Manhattan Beach, through the

7   Manhattan Beach Police Department, which fostered illegal activity of its officers and

8   retaliated against officers who made reports or complaints of wrongful conduct.

9        45.   At all times relevant hereto, the policies and practices of the City of Manhattan

10  Beach, through the Manhattan Beach Police Department, were insufficient to prevent

11  substantial and continuing civil rights abuses by its officers.

12       46.   Defendant, City of Manhattan Beach, violated Decedent's Fourteenth

13  Amendment constitutional rights as previously stated herein in violation of 42 U.S.C. §1983.

14       47.   Each of the aforementioned deprivations of its citizens' constitutional rights

15  demonstrates an objectively unreasonable failure to train or supervise on the part of

16  Defendant, City of Manhattan Beach, through the Manhattan Beach Police Department, and

17  constitutes deliberate indifference to the rights of citizens of the State of California, and

18  Plaintiffs' decedent in particular.

19       48.   This violation of Decedent's Fourth and Fourteenth Amendment rights by

20  Defendant, City of Manhattan Beach, caused Plaintiffs and Plaintiffs' decedent injuries,

21  damages, and losses, including, but not limited to, a deprivation of constitutionally protected

22  rights, and such other and further damages as are described herein.

23                          **FIFTH CAUSE OF ACTION**

24                            (Cal. Civ. Code § 52.1 )

25                           (Against All Defendants)

26       49.   Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through

27  48, hereinabove, and incorporate the same herein as though fully set forth.

28       50.   The United States Constitution, Amend. IV, and the California Constitution,

- 10 -

Art. I § 13, guarantee the right of persons to be free from excessive force. Defendants, by engaging in the wrongful conduct alleged herein, denied this right to the Decedent and Plaintiffs, thus giving rise to claims for damages pursuant to *Calif. Civ. Code § 52.1*.

51.     Plaintiffs are the proper party with standing pursuant to *Calif. Code of Civ. Proc. § 377.60* to pursue the wrongful death claim pursuant to section 52.1.

52.     As a direct and proximate cause of the aforementioned acts of defendants, decedent and plaintiffs were injured as set forth above, and are entitled to statutory damages under *Calif. Civ. Code § 52*, as well as compensatory damages, and punitive damages against the individual defendants only (the entity defendants are immune) according to proof.

## SIXTH CAUSE OF ACTION

### (ASSAULT AND BATTERY)

### (Against All Defendants)

53.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 52, hereinabove, and incorporate the same herein as though fully set forth.

54.     Defendants assaulted and battered the Decedent, causing his death. These torts are actionable under the Government Tort Claims Act, specifically *Calif. Govt. Code § 820, et seq.*, and Defendant City of Manhattan Beach is vicariously liable for the acts of its officers pursuant to *Calif. Govt. Code § 815.2(a)*.

55.     As a direct and proximate cause of the aforementioned acts of defendants, Decedent and Plaintiffs were injured as set forth above, and are entitled to compensatory and punitive damages (Defendant City of Manhattan Beach is immune) according to proof.

## SEVENTH CAUSE OF ACTION

### (POLICE NEGLIGENCE)

### (Against All Defendants)

56.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 55, hereinabove, and incorporate the same herein as though fully set forth.

57.     By virtue of the foregoing, defendants owed Decedent and Plaintiffs a duty of due care, and such duty was breached in that Defendants' negligence and failure to exercise

- 11 -

1  due care in dealing with the Decedent proximately causing his death. Defendant City of

2  Manhattan Beach, through the Manhattan Beach Police Department, breached its mandatory

3  duty by failing to adequately train and supervise its police officers in the risks of and use of

4  ECDs, as well as the use of force with respect to the restraint, apprehension and detention

5  of individuals such as the Decedent.

6      58.      As a direct and proximate cause of the aforementioned acts of defendants,

7  Decedent and Plaintiffs were injured as set forth above, and are entitled to compensatory

8  damages according to proof.

9                                **PRAYER**

10      WHEREFORE, plaintiffs pray for judgment as follows:

11  On All Causes of Action

12      (a)      Compensatory general and special damages in accordance with proof;

13      (b)      Costs of suit necessarily incurred herein; and

14      (c)      Reasonable attorney's fees and expenses of litigation (except on the Sixth and

15  Seventh causes of action); and

16      (d)      Such further relief as the Court deems just or proper.

17  On the Fifth Cause of Action

18      (e)      Statutory damages;

19  On the First, Second, Third, Fifth and Sixth Causes of Action

20      (f)      Exemplary damages against the Defendants (except the immune public entity

21  defendant, City of Manhattan Beach) in an amount sufficient to make an example of those

22  defendants and to deter future misconduct.

23  DATED: February 28, 2015            WILLIAMSON LAW FIRM

24

25                          BY:  /s/ PETER M. WILLIAMSON
                                 PETER M. WILLIAMSON, Esq.
26                               Attorneys for Plaintiffs
                                 FERREOL CARDENAS, SR, Individually,
27                               and as the Personal Representative for
                                 FERREOL CARDENAS, JR.,
28                               Deceased and ROSA CARDENAS

- 12 -

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand trial by jury pursuant to Fed. R. Civ. P. 38(b).

3

4
DATED: February 28, 2015                    WILLIAMSON LAW FIRM

5

6

7
                                    BY:  /s/ PETER M. WILLIAMSON
                                         PETER M. WILLIAMSON, Esq.
8                                        Attorneys for Plaintiffs
                                         FERREOL CARDENAS, SR, Individually,
9                                        and as the Personal Representative for
                                         FERREOL CARDENAS, JR.,
10                                       Deceased and ROSA CARDENAS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES