Mildred K. O'Linn (State Bar No. 159055)
  mko@manningllp.com
Tony M. Sain (State Bar No. 251626)
  tms@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants,
CITY OF MANHATTAN BEACH; OFFICER MICHAEL LYNCH; AND OFFICER B. MUZATKO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FERREOL CARDENAS, SR., Individually, and as the Personal Representative for FERREOL CARDENAS, JR., Deceased, and ROSA CARDENAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MANHATTAN BEACH, MANHATTAN BEACH POLICE OFFICER MICHAEL LYNCH (Serial No. 313), MANHATTAN BEACH POLICE OFFICER B. MUZATKO (Serial No. 342), and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-CV-1469-JPR<br>[*Hon. Mag. Judge Jean P. Rosenbluth*]<br><br>**STIPULATION FOR PARTIAL DISMISSAL OF CLAIMS**<br><br>[*Proposed Order filed concurrently herewith*]<br><br>Complaint Filed:  03/01/2015<br>Trial Date:          N/A |

## TO THE HONORABLE COURT:

By and through their counsel of record in this action, plaintiffs FERREOL CARDENAS, SR., Individually, and as the Personal Representative for FERREOL CARDENAS, JR., Deceased, and ROSA CARDENAS ("Plaintiffs") and defendant CITY OF MANHATTAN BEACH ("City" or "Defendant(s)") – the parties – hereby

stipulate for the purpose of jointly requesting that the honorable Court dismiss with prejudice certain causes of action and/or claims therein, as follows.

**GOOD CAUSE STATEMENT**.

1. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared.

2. Defendants contend that plaintiffs lack standing to bring their Fifth Cause of Action brought pursuant to the Bane Action (Cal. Civ. Code § 52.1). [*See, e.g.*, *Bay Area Rapid Transit Dist. [BART] v. Superior Ct.*, 38 Cal. App. 4th 141, 145 (1995); *accord City of Simi Valley v. Superior Ct.*, 111 Cal.App.4th 1077, 1085-1086 (2003).] Plaintiffs do *not* agree with this contention. However, to avoid the need for the parties and the Court to address this issue by motion, the parties have agreed to the stipulation as expressed herein under.

3. Defendants further contend that plaintiffs cannot bring their Seventh Cause of Action under California law titled "Police Negligence" against *all* Defendants, as pled, because public entities are immune from suit for their own alleged negligence regarding the conduct of their peace officers (*e.g.*, immune from negligent supervision, training, hiring, discipline, and comparable claims). Rather, although public entities are immune from direct negligence claims related to their peace officers, under California law, public entities may be vicariously liable for the on-duty negligence of their peace officers. [*See, e.g.*, *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1127-1128, 1131-1141 (2002); *Eastburn v. Regional Fire Protection Auth.*, 31 Cal.4th 1175, 1179-1180, 1183 (2003); *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007); *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103, 1113 (2004).] Thus, Defendants contend that, under California law, the City cannot be a direct liability defendant to a negligence claim. Plaintiffs do *not* agree with this contention. However, to avoid the need for the parties and the Court to address this issue by motion, the parties have agreed to the stipulation as expressed herein under.

1  4. After conference of counsel on April 4 and 13, 2015 and May 1, 2015 and thereafter, pursuant to U.S. Dist. Ct., C.D. Cal. L.R. 7-3 and 37-1, in light of the foregoing and in the interests of justice, the parties hereby stipulate to dismiss those portions of plaintiffs' claims as specified herein below.

**STIPULATION FOR PARTIAL DISMISSAL.**

5. The parties hereby stipulate to, and respectfully request that the Court issue an appropriate Order giving effect to, the following *dismissals with prejudice* to part of plaintiffs' claims in this action:

6. Plaintiffs hereby stipulate to **dismiss with prejudice** plaintiffs' Fifth Cause of Action – a **Bane Act claim** brought pursuant to Cal. Civ. Code § 52.1 by plaintiffs FERREOL CARDENAS, SR., Individually, and as the Personal Representative for FERREOL CARDENAS, JR., Deceased, and ROSA CARDENAS against defendants the CITY OF MANHATTAN BEACH, Manhattan Beach Police Officer MICHAEL LYNCH, Manhattan Beach Police Officer B. MUZATKO, and defendants Does 1-10 – **in its entirety** and as to all defendants to this action.

7. With regard to plaintiffs' Seventh Cause of Action – a **Police Negligence** claim brought pursuant to California law by plaintiffs FERREOL CARDENAS, SR., Individually, and as the Personal Representative for FERREOL CARDENAS, JR., Deceased, and ROSA CARDENAS against defendants the CITY OF MANHATTAN BEACH ("City"), Manhattan Beach Police Officer MICHAEL LYNCH, Manhattan Beach Police Officer B. MUZATKO, and defendants Does 1-10 – to the extent such claim appears to allege a claim for *direct* negligence by the City, a public entity, plaintiffs hereby **dismiss with prejudice** any claim for liability based on the alleged negligence of the City. Plaintiffs further hereby stipulate to **dismiss with prejudice and strike** the following language from its operative complaint (¶ 57, page 12, lines 1-5): STRIKING "Defendant City of Manhattan Beach, through the Manhattan Beach Police Department, breached its mandatory duty by failing to adequately train and supervise its police officers in the risks of and use of ECDs, as well as the use of force

with respect to the restraint, apprehension and detention of individuals such as the Decedent."

8. Nothing in this Stipulation or any associated Order shall be construed as any dismissal of defendant CITY OF MANHATTAN BEACH from the Seventh Cause of Action on the basis of *vicarious* liability for the alleged negligence of its defendant peace officers.  Nothing in this Stipulation or any associated Order shall be construed as any dismissal of plaintiffs' Fourth Cause of Action against defendant City – a *Monell* Claim brought pursuant to 42 U.S.C. § 1983 against defendant City regarding alleged constitutionally deficient supervision, training, investigation, and discipline regarding the use of force in such a manner as to result in the use of excessive force on plaintiffs' Decedent.

9. Except as specifically stated herein above, nothing in this Stipulation or any associated Order shall be construed as dismissing any other claims or causes of action brought by any other plaintiffs named in the most recent operative Complaint on file in this action prior to the filing date of this Stipulation.

///
///
///

10. This Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

**IT IS SO STIPULATED**.

DATED: May 4, 2015    **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:   /s/ Tony M. Sain
       Mildred K. O'Linn, Esq.
       Tony M. Sain, Esq.
Attorneys for Defendant(s),
CITY OF MANHATTAN BEACH;
OFFICER MICHAEL LYNCH; AND
OFFICER B. MUZATKO


DATED: May 4, 2015    **WILLIAMSON LAW FIRM**


By:   /s/ Peter M. Williamson
       Peter M. Williamson, Esq.
Attorneys for Plaintiffs,
FERREOL CARDENAS, SR.,
Individually, and as the Personal
Representative for FERREOL
CARDENAS, JR., Deceased, and ROSA
CARDENAS