# EXHIBIT A

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
ERWIN A. NEPOMUCENO
BRIAN T. MOSS *
JEFFREY M. LENKOV
MARGUERITE L. JONAK*
JOHN D. MARINO
MICHAEL L. SMITH
LOUIS W. PAPPAS
SHARI L. ROSENTHAL
EUGENE J. EGAN
CLIFFORD A. CLANCEY
RINAT B. KLIER-ERLICH
ROBERT B. ZELMS †
R. ADAM ELLISON
SCOTT WM. DAVENPORT
JASON J. MOLNAR *
DAVID V. ROTH
KATHLEEN A. HUNT *
STEVEN J. RENICK
JAMES J. PERKINS *
JAMES E. GIBBONS
DANIEL B. HERBERT *
DARIN L. WESSEL *
L. TREVOR GRIMM
MARK A. HAGOPIAN
DAVID GORNEY
SUZIE ZACHAR IRWIN †
DONALD R. DAY*
ALAN C. JABLIN *
D. HIEP TRUONG
MICHAEL A. WEISMANTEL
JANET D. JOHN *
KEVIN H. LOUTH
TRACIE L. CHILDS
SHARON S. JEFFREY
CANDACE E. KALLBERG
DAVID R. REEDER *

TOBY D. BUCHANAN
LADELL H. MUHLESTEIN
PETER C. CATALANOTTI
SEVAN GOBEL
RICHARD G. GARCIA
JOHN M. HOCHHAUSLER
ANTHONY S. VITAGLIANO †
JOHN M. COWDEN*
JENNIFER SIPMAN
KEITH RICKER †
DEBORA VERDIER †
JEANETTE DIXON
RICHARD MACK †
KENNETH S. KAWABATA
ROBYN PARK FREIBERG
STEVEN AMUNDSON*
PAUL HANNA
TONY M. SAIN
MARILYN R. VICTOR*
MARTIN HOLLY
MINAS SAMUELIAN
LALO GARCIA
MATTHEW P. NOEL
GENE W. LEE
ANGELA POWELL
ALEX TA
BARBARA SEYMOUR
ANDY J. SEMOTIUK *
JULIE M. FLEMING
ROBERT E. MURPHY *
NINA RICCI FRANCISCO
DONALD R. BECK
CHRISTOPHER KANJO
LORI B. WADE
FRANK M. LAFLEUR
ROBERT P. WARGO*
SCOTT A. ALLES †
MAHASTI KASHEFI
JONATHAN J. LABRUM*
LISA WONG
CHRISTOPHER WARREN
DONALD APPLEGATE
JONATHON D. SAYRE
HEATHER M. ANTONIE

KAREN LIAO
KATIE ALLEN
JASON J. DOSHI
ZUBIN FIRINPOUR
LAURA MCADAMS
CHRISTINE WALTON
GRETHCHEN COLLIN
ARTIN AVETISOVE
RODRIGO J. BOZOGHLIAN
MIRIAM RENZI
MICHAEL LE
ORCHID BARZIN
D. ROCKEY GOODELL III*
JENIFER WALLIS‡
MARISSA GITTLER
MATTHEW E. KEARL
OLEN GUIAB*
COURTNEY ARRICCI
JENNIFER KANTER
JUSTIN SHERGILL
NARINE AVANES
ERIK BABAKHANIAN
ADAM ROEHRICK
TONYA N. MALEK
BRANDON BRAGA
MELISSA PALOZOLA
EMILY EDWARDS
ERIN UYESHIMA
JESI WOLNIK
CARL CHEA
LENNETTE FLANIGAN
FATIMA BADREDDINE
DANIEL SULLIVAN
EVAN SCHUBE
KAVEH KESHMIRI
HILA GOLCHET
MARYAM MALEKI
RYAN GLIIBOA
ALEXANDRA SEIBERT
MICHAEL COOPER
BRIAN SUBA
BRIGITTE KHOURY
KAYLEIGH MCGUINNESS
PAUL MITTELSTADT

ADAM BESAGNO
ANDREW MALLETT
OMAR SUBAT
JILL COHOE
NICOLE THREELKEL
A. FOSTER SHI
MAE ALBERTO
DAVID BEDERMAN*
JESSICA MAWRENCE
CATHERINE BARNARD
JACOB KOZACZUK*
LYLE CHAN
MARCIA COOK
MICHAEL KVYAT
BRIAN SMITH
STEVEN LOI
GREGORY LEWIS
JUDSON PRICE
JOHN STANLEY
IRINA LERNER
JORDON FERGUSON
PAUL HARSHAW
BRIANA CURRAN
VICTORIA ORAFA
ANDREA KORNBLAU
PHILLIP SCHIPPMANN
HA NGUYEN
ARA BAGHDASARIAN
ANTHONY WERBIN
DAVID OBRAND
MICHAEL WATTS
TRISHA NEWMAN

OF COUNSEL
ARI MARKOW

*  Admitted in Multiple Jurisdiction
†  Admitted to Practice Law in Arizona only
‡  Admitted to Practice Law in Alabama

# MANNING & KASS
# ELLROD, RAMIREZ, TRESTER LLP
### ATTORNEYS AT LAW

15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
TELEPHONE:  (213) 624-6900
FACSIMILE:  (213) 624-6999
WEB SITE:  WWW.MANNINGLLP.COM

January 23, 2017

*VIA E-MAIL & U.S. MAIL*

Peter M. Williamson, Esq.
WILLIAMSON LAW FIRM
22681 Mulholland Drive
Woodland Hills, CA 91364
pmw@pwilliamsonlaw.com

| | |
|---|---|
| Re: | **Ferreol CARDENAS, Sr., et al. v. City of Manhattan Beach, et al.** |
| | Case No.: 2:15-CV-01469-PJW |
| | MKERT File No.: 03804-046486 |
| | Incident Date: 04/10/2014 |

Dear Counsel:

The purpose of this letter is to confirm the details of our **in-person meet-and-confer** conference of counsel with you on January 23, 2017 on the issue of potential **pre-trial documents** and **motions *in limine*.**

## MOTIONS *IN LIMINE* (ANTICIPATED).

Unless the parties can stipulate to certain exclusions of evidence, defendants anticipate bringing the following motions *in limine*.

ORANGE COUNTY
19800 MacArthur Blvd, Suite 900
Irvine, CA 92612
Phone (949) 440-6690 • Fax (949) 474-6991

SAN DIEGO
550 West C Street, Suite 1900
San Diego, CA 92101
Phone (619) 515-0269 • Fax (619) 515-0268

SAN FRANCISCO
121 Spear Street, Suite 200
San Francisco, CA 94105-1582
Phone (415) 217-6990 • Fax (415) 217-6999

PHOENIX
3636 North Central Avenue, 11th Floor
Phoenix, AZ 85012
Phone (602) 313-5469 • Fax (602) 313-5499

NEW YORK
One Battery Park Plaza, 4th Floor
New York, NY 10004
Phone (212) 858-7769 • Fax (212) 858-7543

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Peter M. Williamson, Esq.
**Re:     Ferreol CARDENAS, Sr., et al. v. City of Manhattan Beach, et al.**
January 23, 2017
Page 2


1.       [**MIL No. 1 – *Daubert* Motion Excluding Testimony-Opinions of P's Expert Martin Pietruska & Mechanism of Death Opinions From Dr. Augustine, Dr. Lwin, or Any Other Expert Witness**]

    a.       <u>Scope</u>: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:

        i.       Opinion Testimony (or Reference Thereto) of Plaintiffs' Expert Pietruszka (forensic pathologist) that: (a) mechanism of Cardenas' death was officer blows/beating; (b) mechanism of Cardenas' death was TASER-related fall to the ground with a head-impact as a result

        ii.       Opinion Testimony (or Reference Thereto) of Non-Retained Experts J.D. Augustine and Cho Lwin (forensic pathologists) that: (a) mechanism of Cardenas' death was TASER-related fall to the ground with a head-impact as a result; or (b) mechanism of Cardenas' death was officer blows/beating

        iii.       Opinion Testimony (or Reference Thereto) by any Expert or Lay Witness Regarding the Mechanism of Death

            1.   As opposed to the Cause of Death = blunt force trauma to the head

        iv.       Anything else in the depo Plaintiffs' Expert admits he's not an expert on

            1.   *Tactical Note*: be detailed in the motion – i.e., state the scope broadly, but then go to "including but not limited to" and a specific list from his depo

    b.       <u>Basis</u>:

        i.       *Daubert*: Lack of Foundation – Lacking Threshold for Medical Opinion Admissibility

            1.   Pietruszka Has Not Stated Mechanism of Death Opinions to a Reasonable Degree of Medical Certainty – and Such Are Thus Not Admissible

            2.   Augustine & Lwin Have Both Conceded That They Cannot State Their Mechanism of Death Opinions to a Reasonable Degree of Medical Certainty – and Such Are Thus Not Admissible

        ii.       *Daubert*: Lack of Foundation – Insufficient Factual Support (Speculation)

            1.   No Witness Testimony To Any Officer Blows

            2.   Augustine Excludes Officer Blows As Cause of Any of Cardenas' Injuries (Exclusion Stated to a Reasonable Degree of Medical Certainty); No Exam by Lwin – exam limited only to Cardenas' brain (no factual basis for blows opinions, if any)

            3.   Exam by Investigator Kim = No signs of blows to Cardenas' body

            4.   No Witness Testimony to Any Incident Head-Strike – On Ground, Object, or Otherwise (Lynch, Muzatko, 2 Paramedics)

            5.   Cardenas Claimed He Hit His Head Inside His Car – pre-TASER (Presgraves)

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Peter M. Williamson, Esq.
**Re:    Ferreol CARDENAS, Sr., et al. v. City of Manhattan Beach, et al.**
January 23, 2017
Page 3

      6.   Cardenas Reported 16 Days of Severe Headaches on 04/22/14 –
      which means he may have suffered his head injuries back on
      04/06/14 (Dr. Chavez depo – Cardenas History)
  c.   OUTCOME OF CONFERENCE OF COUNSEL: The parties conferred in person
on this motion at the November 18, 2016 deposition of Dr. Pietruszka.  Plaintiffs
opposed.  The motion is currently pending before the Court, after a hearing on
January 23, 2017.

2.   **[MIL No. 2 – Fact or Documents Regarding Deft. Lynch's Election to Forego
Answering LASD Investigator Questions About the Incident]**
  a.   Scope: An Order to exclude from trial any and all evidence, documents, records,
recordings, testimony, statements, opinions, argument, and/or reference before the
jury, and from admission into evidence, of:
    i.   Any facts or documents about Officer Lynch's refusal to give a statement
to LASD (NOTE: Lynch had completed a report and believed the
statement-interview would be redundant/unnecessary).
  b.   Basis:
    i.   Legal Relevance & Unfair Prejudice: FRE 401-402, 403; *Graham* – UOF
Reasonableness Only Evaluated With Facts Actually Known To Officers
At Time; FRE 403 – Confusion of the Issues, etc.
  c.   OUTCOME OF CONFERENCE OF COUNSEL: Plaintiffs indicated they were
unlikely to stipulate to such a motion/evidentiary exclusion.

3.   **[MIL No. 3 – Post-Incident Events and Information Unknown to Officers Before
Incident Use of Force]**
  a.   Scope: An Order to exclude from trial any and all evidence, documents, records,
recordings, testimony, statements, opinions, argument, and/or reference before the
jury, and from admission into evidence, of:
    i.   The fact that Cardenas was unarmed.
  b.   Basis:
    i.   Legal Relevance & Unfair Prejudice: FRE 401-402; *Graham* – UOF
Reasonableness Only Evaluated With Facts Actually Known To Officers
At Time; FRE 403 – Confusion of the Issues, etc.
  c.   OUTCOME OF CONFERENCE OF COUNSEL: Plaintiffs had not decided if
plaintiffs would stipulate to this motion/evidentiary exclusion.

4.   **[MIL No. 4 – Non-Incident Officer Personnel File Information and Records,
Including Alleged Non-Incident "Bad" Acts By Officers]**
  a.   Scope: An Order to exclude from trial any and all evidence, documents, records,
recordings, testimony, statements, opinions, argument, and/or reference before the
jury, and from admission into evidence, of:
    i.   Investigations and related records re Non-Incident uses of force/seizures
or other Internal-Affairs type investigations, complaints, or

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Peter M. Williamson, Esq.
**Re:    Ferreol CARDENAS, Sr., et al. v. City of Manhattan Beach, et al.**
January 23, 2017
Page 4

       training/discipline involving defendant officers or any MBPD officers (if any) – including but not limited to any/all non-incident acts.

    ii.   Officer Performance Evaluations

    iii.  All specific factual details related to calls involving any of the defendant officers where such calls occurred either before the incident or after the incident *and* did not involve decedent Cardenas

    iv.  All City peace officer and defendant officer personnel file information that is not directly related to the shooting incident (incident date = <u>04/10/2014</u>).

  b.  <u>Basis</u>:

    i.   Relevance (particularly if *Monell* is dead by MSJ) – FRE 401-402

    ii.   Improper Character Evidence (Bad Acts, etc.) – FRE 404-406

    iii.  Undue Prejudice – confusion of issues, prejudice outweigh probative – FRE 403

  c.  <u>OUTCOME OF CONFERENCE OF COUNSEL</u>: Plaintiffs indicated that they may be willing to stipulate to this motion/evidentiary exclusion.  Defendants will prepare the appropriate stipulation upon plaintiffs' confirmation.

5.    [<u>**MIL No. 5 – Speculative & Ultimate Issue Opinion from Lay Witnesses**</u>]

  a.  <u>Scope</u>: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:

    i.   Any and all opinions from lay witnesses (including plaintiffs or experts) that the force used on Cardenas was excessive, unnecessary, unreasonable, unlawful, violative of any constitutional/legal rights, or comparable opinions or commentary by witnesses who are not properly disclosed experts in police practices (example: opinions by decedent's parents that the use of force was excessive or that the officers beat him in the head)

    ii.   Any and all opinions and/or speculation by lay witnesses as to events that occurred outside of their contemporaneous perception (sight/hearing) – including events that the witness admits to not seeing, or statements the witness admits he/she was unable to hear or decipher

    iii.  Any and all opinions and/or speculation by lay witnesses as to what Cardenas meant or intended to do, what Aguilar was thinking or feeling during the incident, and comparable speculative opinion testimony

    iv.  Any and all opinions and/or speculation by lay witnesses as what any officer meant or intended to do, what any officer was thinking or feeling during the incident, and comparable speculative opinion testimony

    v.   Any and all opinions and/or speculation by lay witnesses as what caused Cardenas' fatal head injuries

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Peter M. Williamson, Esq.
**Re:    Ferreol CARDENAS, Sr., et al. v. City of Manhattan Beach, et al.**
January 23, 2017
Page 5

    b.    <u>Basis</u>:
         i.    Ultimate Issue Opinion: Since the ultimate issue is whether or not the use of force was reasonable-versus-excessive/unreasonable, he may not opine directly on the ultimate issue to be decided by the jury
        ii.    Lack of Personal Knowledge Requirement/Speculation – e.g., FRE 602, 701

    c.    <u>OUTCOME OF CONFERENCE OF COUNSEL</u>: Plaintiffs indicated that they may be willing to stipulate to this motion/evidentiary exclusion.  Defendants will prepare the appropriate stipulation upon plaintiffs' confirmation.

6.    **[<u>MIL No. 6 – Non-Incident Facts About Defendants and Counsel Including Associated News Accounts</u>]**
    a.    <u>Scope</u>: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:
         i.    Any and all Non-Incident AZPD police encounters not involving decedent
        ii.    Any and all lawsuits involving the City or defendants not involving decedent
        iii.    Any and all lawsuits, or related litigation procedures, involving defendants' counsel not involving decedent
        iv.    Any alleged tactics or litigation procedures employed by defendants' counsel during this action – including but not limited to all references to conduct of defendants or defendants' counsel outside of the instant litigation or outside of the courtroom in this action
        v.    Clientele or representation of any other clients by defendants' counsel – other than representation of the defendants to this action – including any references to actual, specific, or general clientele or unrelated cases of defense counsel
        vi.    Any and all references to the size, structure, location, or legal expertise of defendants' counsel
        vii.    All news/media accounts of the incident or related to any incident investigation or incident-related litigation
    b.    <u>Basis</u>:
         i.    Relevance – FRE 401-402
        ii.    Undue Consumption of Time/Confusion of Issues – FRE 403 (guilt by association, trial by media, etc.)
        iii.    Improper Character Evidence – FRE 404-406
        iv.    Hearsay – FRE 801 *et seq.*
        v.    Lack of Authentication – FRE 901 *et seq.*, 1001 *et seq.*
    c.    <u>OUTCOME OF CONFERENCE OF COUNSEL</u>: Plaintiffs indicated that they may be willing to stipulate to this motion/evidentiary exclusion.  Defendants will prepare the appropriate stipulation upon plaintiffs' confirmation.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Peter M. Williamson, Esq.
**Re:    Ferreol CARDENAS, Sr., et al. v. City of Manhattan Beach, et al.**
January 23, 2017
Page 6


7.    **[MIL No. 7 – Undisclosed or Unproduced Witnesses-Evidence]**
    a.    <u>Scope</u>: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:
        i.    any and all testimony from any and all **undisclosed or untimely disclosed witnesses –** including all witness testimony (lay or expert) where such witnesses were not timely disclosed prior to the applicable Court-set deadline for completion of discovery in this action – including full compliance with Rule 26(a)(1)(A)(i)'s requirement of the disclosure of witness names, addresses, phone numbers, and the anticipated subject matter of such witnesses' testimony, as well as including all witness testimony (lay or expert) where such witness could not be deposed despite diligent efforts by defendants or defendants' counsel prior to the applicable Court-set deadline for completion of discovery in this action;
        ii.    any and all **undisclosed/unproduced or untimely disclosed/produced documents, records, recordings, tangible things, or other physical evidence**, where the offering party did not timely disclose such physical evidence or did not timely produce such evidence (where such was requested by the opposing party) prior to the applicable Court-set deadline for completion of discovery in this action.
        iii.    EXAMPLE: Testimony by plaintiffs' undisclosed/unproduced witness that Cardenas told some family member who was a Sheriff's deputy that he had been struck by blows during the incident.
    b.    <u>Basis</u>:
        i.    Violation of Affirmative Disclosure Rule - Fed. R. Civ. P. 26(a), 37(c);
        ii.    Undue Prejudice, Unfair Surprise - Fed. R. Evid. 403;
        iii.    Hearsay - Fed. R. Evid. 801 et seq.;
        iv.    Lack of Authentication - Fed. R. Evid. 1001 et seq.
    c.    <u>OUTCOME OF CONFERENCE OF COUNSEL</u>: Plaintiffs indicated that they may be willing to stipulate to this motion/evidentiary exclusion.  Defendants will prepare the appropriate stipulation upon plaintiffs' confirmation.


8.    [**MIL No. 8 – Bifurcation of Punitive Damages Calculation & Exclusion of Officer Financial Information**]
    a.    <u>Scope</u>: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:
        i.    any and all reference to the involved officers' wealth and/or personal finances/income
        ii.    bifurcation of trial as to any <u>calculation</u> or award of punitive damages – the predicate for punitive damages (if any) would be tried in the liability phase

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Peter M. Williamson, Esq.
**Re:    Ferreol CARDENAS, Sr., et al. v. City of Manhattan Beach, et al.**
January 23, 2017
Page 7


Basis:

|     |      |                                                                                            |
| --- | ---- | ------------------------------------------------------------------------------------------ |
|     | iii. | Relevance - Fed. R. Evid. 401-402                                                          |
|     | iv.  | Undue Prejudice, Undue Consumption of Time, and Confusion of the Issues - Fed. R. Evid. 403 |
|     | v.   | Improper Character Evidence - Fed. R. Evid. 404-406                                        |
|     | vi.  | Hearsay - Fed. R. Evid. 801 *et seq*.                                                      |
|     | vii. | Lack of Authentication - Fed. R. Evid. 1001 *et seq*.                                      |

b.    OUTCOME OF CONFERENCE OF COUNSEL: Plaintiffs indicated that they may be willing to stipulate to this motion/evidentiary exclusion. Defendants will prepare the appropriate stipulation upon plaintiffs' confirmation.


Plaintiffs' Motions *In Limine*:

1.    To Exclude Character Evidence re Decedent Prior Arrests/Convictions, History of Drug Abuse – OUTCOME OF CONFERENCE OF COUNSEL: Defendants will oppose this motion/evidentiary exclusion on grounds that it is admissible as *Boyd* suspect intent evidence.
2.    To Exclude Evidence Found In Decedent's Car After the Use of Force – OUTCOME OF CONFERENCE OF COUNSEL: Defendants may stipulate to this motion/evidentiary exclusion, particularly if plaintiffs stipulate to Defendants' comparable exclusion; but Defendants would need additional detail to make a final decision.
3.    To Exclude Testimony Referring to Decedent as a "Suspect" – OUTCOME OF CONFERENCE OF COUNSEL: Defendants will oppose this motion/evidentiary exclusion.
4.    To Exclude Undisclosed Expert Testimony – OUTCOME OF CONFERENCE OF COUNSEL: The parties agree in principle on this motion/evidentiary exclusion, which seems to duplicate (though more narrow in scope) Defendants MIL no. 7.

## PRE-TRIAL DOCUMENTS AND LOCAL RULE 16-2 CONFERENCE ISSUES.

Defendants propose a further L.R. 16-2 conference, by telephone, on a mutually-agreeable date to be determined the week of January 30, 2017. At the initial L.R. 16-2 conference on January 23, 2017, Defendants advised that Defendants would be willing to take the laboring oar of preparing joint pre-trial documents in this case.

Except where otherwise indicated, the following issues were not discussed at the January 23, 2017 meeting, but are issues that the parties are required to confer about.

Subject Matter Jurisdiction. We do not anticipate there being any issues regarding the district court's federal question subject matter jurisdiction, particularly as plaintiff still maintains a 42 U.S.C. § 1983 claim against defendants. However, if plaintiff views this as an issue, please let us know at the conference of counsel.

Stipulation to Facts and Contentions of Law and Fact/PTCO. To facilitate effective trial presentation, as well as preparation of the Court-Ordered proposed pre-trial conference order

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Peter M. Williamson, Esq.
**Re:    Ferreol CARDENAS, Sr., et al. v. City of Manhattan Beach, et al.**
January 23, 2017
Page 8

("PTCO") and associated contentions of law and fact, defendant proposes that the parties confer extensively in an attempt to determine which incident facts may be determined by stipulation of the parties, and which are still in dispute and remain to be decided by the jury.  Defendant intends to submit by the deadlines stated at the end of this letter a draft PTCO for plaintiffs' consideration *if* the case is not resolved by summary judgment.  Defendants also propose that plaintiff stipulate to facts consistent with a draft joint statement of the case to be submitted to plaintiff with other draft pre-trial documents.

Exhibit Disclosures and Joint Exhibit List/Exhibit Binders.  Defendants anticipate that all items listed on defendants' Rule 26 disclosures and produced to plaintiff might be exhibits at trial: however, defendants intend to offer only incident records and related foundational records as exhibits at trial.  Defendants propose that defendants prepare a joint exhibit list and joint exhibit binders containing joint exhibits, plaintiffs' exhibits, and defendants' exhibits therein, as well as the associated pretrial exhibit stipulation (pursuant to the Court's Order), *if* the case is not resolved by summary judgment.  (Defendants believe that plaintiff has identified trial exhibits for plaintiff already, and defendant is amenable to including such on the exhibit list, along with any objections that may be appropriate, if any.)  Defendants contend that certain witnesses could be eliminated from the witness list by the Local Rule required stipulation re exhibit authenticity.

Once a proposed joint exhibit list is circulated by defendants, plaintiff would insert plaintiff's proposed objections (if any) to avoid auto-admission of joint exhibits.  Defendants proposed that the parties use the same bates numbers used in discovery/disclosures on the trial exhibit list to allow for easy identification of documents, rather than to rely solely on narrative document descriptions that might otherwise result in confusion.

Witness Disclosures/Witness List.  Defendants propose that only witnesses that the parties actually intend to call to testify at trial be listed; and that potential (but unlikely or unserved) witnesses be listed only as "conditional witnesses" as per Local Rule 16-5.  Defendants will prepare a proposed list for plaintiff's revision that conforms to the Local Rules and the specific Order of this Court.

Evidentiary Matters and Experts.  *See* Motions *in Limine* section, *infra*.  Defendants are willing to discuss potential stipulations for the exclusion of evidence to avoid the need for some motions *in limine*.

Presentation of Testimony by Deposition.  Defendants do not presently anticipate that any defense witnesses' testimony would be presented solely by deposition, but defendants reserve the right to do so should a witness become unavailable for trial.  Defendants request that plaintiff identify any testimony to be presented solely by deposition, including specific designations as required by the Local Rules and applicable Orders of the Court.

Disclosure of Graphic and Illustrative Material.  The disclosure deadline for such materials is no later than March 10, 2017, pursuant to U.S. Dist. Ct., C.D. Cal. L.R. 16-3.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Peter M. Williamson, Esq.
**Re:    Ferreol CARDENAS, Sr., et al. v. City of Manhattan Beach, et al.**
January 23, 2017
Page 9

Defendants only anticipate using demonstratives that incorporate disclosed exhibits, and PowerPoint type presentations summarizing opening statement and/or closing arguments. Defendants are willing to confer on this issue.

<u>Jury Instructions and Verdict Form</u>.  Defendants will be sending to plaintiff proposed joint jury instructions and a verdict form that reflects the state of the claims as it stands after the Court's hearing/ruling on defendants' motion for summary judgment ("MSJ").

Please let us know, *in writing*, **no later than 5:00 p.m. on January 25, 2017**: (a) which dates the week of January 30 that plaintiffs' counsel would be available for the proposed <u>telephonic</u> pre-trial meeting dates; and (b) if plaintiff is amenable to the proposed joint pre-trial document drafting schedule, or advise as to plaintiff's proposed alternative.

Please feel free to contact us if there is anything about this matter that you would like to discuss.  Thank you for your attention.

Very truly yours,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

Mildred K. O'Linn, Esq.
Tony M. Sain, Esq.

TMS/itc
G:\docsdata\MKO\Cardenas\Letters\PC.008.M&C MILs and PT Docs.docx